LESTER SMITH *v.* STATE OF INDIANA.

[No. 770S145. Filed June 22, 1971. Rehearing denied August 26, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Smith,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal from a judgment of guilty in a conviction for the crime of first degree arson. Appellant was tried without the intervention of a jury and was sentenced by the court to the Indiana State Prison for not less than two (2) nor more than fourteen (14) years.

The crime of first degree arson is defined by Ind. Ann. Stat. § 10-301 (1956 Repl.) as follows:

"§ 10-301 [2441]. Arson in the first degree.—Any person who wilfully and maliciously sets fire to or burns, or causes the setting of fire to or the burning, or who aids, counsels or procures the setting of fire to or the burning of any dwelling-house, rooming-house, apartment-house or

hotel, finished or unfinished, occupied or unoccupied; or any kitchen, shop, barn, stable, garage or other outhouse, or other building, that is part or parcel of any dwelling-house, rooming-house, apartment-house or hotel, or belonging to or adjoining thereto, finished or unfinished, occupied or unoccupied, such being the property of another; or being insured against loss or damage by fire and such setting of fire to or burning, or such causing, aiding, counseling or procuring such setting of fire to or such burning being with intent to prejudice or defraud the insurer, shall be guilty of arson in the first degree and, upon conviction thereof, shall be imprisoned in the state prison not less than two [2] nor more than fourteen [14] years."

At the close of his trial appellant's motion to correct errors was overruled and the sole error raised here is the court's overruling of said motion. The two issues raised by the motion and asserted before this court are as follows:

(1) Whether a building normally rented by its owner as a place of human habitation, but unoccupied at the time of the fire, is a dwelling-house under the statute.

(2) Whether the evidence was sufficient to support the finding of the court.

The elements of the crime defined by our statute require a showing of

(1) a willful and malicious
(2) burning or setting fire to
(3) the occupied or unoccupied, finished or unfinished, dwelling-house
(4) of another.

Appellant's first argument goes to the allegation that a "dwelling-house" was not burned. However, testimony was admitted from J. B. Griffin, the owner of the premises, that he rented the double building as a residence and that while no one resided there on the day of the fire that he was seeking tenants to occupy the two family home. While Robert DeWitt, a witness whose testimony is set out in greater detail below,

stated he believed the house had a Board of Health sign attached to it, others who were on the scene saw no sign indicating any kind of condemnation of the premises was contemplated. Further, William Earle, fire department investigator, testified the building, while unoccupied, had a "lived-in" look.

In making his argument appellant cites Black's Law Dictionary (3rd Ed.) as defining "dwelling-house" as connoting a building occupied as a place of residence. He also cites *Carrier* v. *State* (1949), 227 Ind. 726, 89 N. E. 2d 74, a case involving a conviction for the crime of burglary, as providing a judicial definition of the word "dwelling" as a "human habitation".

Appellant suggests that we analogize the case at hand to *Smart* v. *State* (1963), 244 Ind. 69, 190 N. E. 2d 650. In that holding this court reversed a first degree burglary conviction when the evidence revealed that the building which was entered was used only on weekends and that at the time of the break-in there was no one in residence. This reversal was necessitated by the elements of the crime spelled out in Ind. Ann. Stat. § 10-701 (1956 Repl.). That statute proscribes breaking and entering into ".. . any dwelling-house or other place of human habitation . . ." Because the building involved in *Smart* was not a "dwelling" as that term is defined under the burglary statute by *Carrier* v. *State, supra*, and because at the time of the break-in it was not inhabited, the reversal was mandated. It must be noted, however, that the crime of arson, as set forth in § 10-301, does not apply to exactly the same class of property as does the statutory crime of first degree burglary. Rather, the wilful and malicious burning of a dwelling-house ". . . finished or unfinished, *occupied or unoccupied* . . ." is proscribed. Considering, as we must, that the crime of arson is a creature of statute in Indiana, however strong its link with the common law, the building burned in this case clearly falls within the scope of the term "dwelling-house" as contained in § 10-301. We there-

fore hold that the language of the statute takes in and proscribes the wilful and malicious burning of a presently unoccupied rental dwelling.

Turning now to the second issue raised by appellant, that of sufficiency of the evidence, we reaffirm the principle that in reviewing on appeal where sufficiency of the evidence is raised this court considers only that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514. Similarly, we do not weigh the evidence or judge the credibility of witnesses but merely review the record to ascertain if there exists sufficient evidence of probative value to sustain the conviction as a matter of law. *Kirk* v. *State* (1970), 254 Ind. 54, 257 N. E. 2d 304. In this case the following evidence was adduced at trial.

Mr. Robert DeWitt, who resided at 127 N. Herman Street, Indianapolis, Indiana was on the porch of his home between seven and eight o'clock August 16, 1969. While there he noticed appellant in the home across the street, 134-136 W. Herman, the scene of the fire here in question. Appellant was observed tearing the framing from around the windows and carrying the wood to the rear of the home. A few minutes later Mr. DeWitt saw smoke rising from the roof of the dwelling.

He directed his wife to call the fire department and about the time that he heard sirens approaching DeWitt saw appellant running out of the home. By running on a parallel course DeWitt was able to keep pace with him and saw appellant drop a bundle of clothing he was carrying. DeWitt gave police a description of the man he had seen.

Six to ten minutes later Officer McPherson of the Indianapolis Police Department brought appellant to the scene of the fire where DeWitt identified him as the man in and about the home at the time the fire began. The site of appellant's arrest was some six (6) blocks from the fire location.

Testimony of Mr. William Earle, Chief Arson Investigator of the Indianapolis Fire Department, was taken. He related that he had investigated the cause of the fire on the date of its occurrence. His findings indicated the fire was of the Class A type, that is, one involving wood and paper. He also found that it would have had to have been set especially in view of the fact that the heating system was not in operation and that the electrical wiring had been disconnected.

Mr. J. Barton Griffin, the owner of the premises, testified that he rented the building as a residence. While no one was residing there on the date of the fire, Griffin was attempting to rent it at the time.

Appellant cites *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 455 for the proposition that there must exist sufficient evidence of probative value to support the conviction, that it may not be based upon guess or speculation. Agreeing wholeheartedly with that standard we find no violation of it here. There certainly exists evidence of probative value sufficient as a matter of law to support the conviction. *Christen* v. *State, supra.*

Appellant places further reliance upon the case of *Myers* v. *State* (1954), 233 Ind. 66, 116 N. E. 2d 839 to the extent it holds that mere non-exclusive opportunity to commit the offense does not sustain a finding of guilt. We concur. Here, however, appellant was the only one seen in or near the dwelling in question. He was seen tearing out a portion of the structure and carrying the material thus secured to the rear of the building, the site of the origin of the fire. Of further weight is the fact of appellant's hurried departure from the scene.

Appellant's final citation of authority is *Simmons* v. *State* (1955), 234 Ind. 489, 129 N. E. 2d 121 which holds that there must be evidence that the fire was *caused* to support an arson conviction. Such evidence exists in the record before us. Officer Earle, the arson investigator, testified that his investiga-

tion revealed the fire had an intentional origin. Such testimony by a properly experienced officer of a fire department has been held sufficient to establish an intentional origin of a fire. *Smock* v. *State* (1966), 247 Ind. 184, 213 N. E. 2d 896.

We therefore find the existence of sufficient evidence as a matter of law to support the conviction.

For all the foregoing reasons appellant's conviction is hereby affirmed.

Conviction affirmed.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 270 N. E. 2d 743.