Mark J. MIDDLETON, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–978A241.

Court of Appeals of Indiana, Third District.

June 28, 1979.

---

Bruce S. Cowen, Deputy Public Defender, Ft. Wayne, for appellant.

Theo. L. Sendak, Atty. Gen., Wesley T. Wilson, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Mark T. Middleton appeals his conviction following a bench trial of first-degree burglary for which he was sentenced for a period of not less than one nor more than ten years. His appeal involves these issues:

(1) whether error was committed in overruling defendant's motion for a continuance on the grounds that the State's answer to his notice of alibi was insufficient;

(2) whether error was committed in denying defendant's motion to suppress his confession;

(3) whether there was sufficient evidence regarding the character of the burglarized premises; and

(4) whether the trial court erred in denying defendant's motion to set aside the conviction.

The evidence most favorable to the judgment shows that the owner of the burglarized premises at 2971 Sandpoint Road, Mrs. Vera Shilling, had been vacationing in Florida from the latter part of November 1976 to April 21, 1977. When Mrs. Shilling returned, she noticed that the back door had been shoved inward and several drawers were partially open. She then telephoned the police and suggested that Middleton may have been the perpetrator since he had broken into her house the year before. Among the items reported missing were a telephone, several clocks, a pair of electric scissors, and a portable television set.

Middleton maintains that the trial court erred in denying his motion for a continuance on the day of trial because of an alleged lack of specificity in the State's answer to his notice of intent to offer alibi. His alibi notice stated that he was at his sister's home on April 10, 1977, the date which the information alleged the crime to have been committed. The State's answer specified that the crime occurred between November 15, 1976 and April 21, 1977. Middleton contends that a continuance was necessary to enable him to further investigate his activities during this five-month period.

The record indicates that on November 28, 1977, trial was set for March 3, 1978. Since this date was more than fourteen days ahead, IC 1971, 35-5-1-1 (Burns Code Ed.) was applicable. It provides:

"Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, *not less than ten [10] days before the trial of such cause,* file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment or information as the time of such offense. The provisions of this chapter . . . shall not apply in case the court sets the trial for a date less than fourteen [14] days ahead." (Emphasis added.)

The defense filed its notice on February 24—seven days before trial. It is obvious then that Middleton failed to file his notice in a timely fashion as prescribed by statute. Adherence to the mandates of IC 1971, 35-5-1-1 is a condition precedent to the operation of the rights and duties created by IC 1971, 35-5-1-2 which requires the prosecution to file a specific statement of the exact date of the offense:

"We recognize the State's obligations with respect to the timely filing of a 'specific statement in regard to the exact

date which the prosecution proposes to present at the trial as the date when, and the exact place where' the alleged act was committed. IC 1971, 35–5–1–2. However, the appellant's obvious failure to comply with the alibi notice requirements of IC 1971, 35–5–1–1 forecloses his assertion of rights created by IC 1971, 35–5–1–2. That is to say, IC 1971, 35–5–1–1 is the mechanism which triggers the invocation of IC 1971, 35–5–1–2."
*Shelton v. State* (1972), 259 Ind. 559, at 562, 290 N.E.2d 47, at 49.

Thus, the trial court did not err in denying Middleton's motion for a continuance since he had not complied with the provisions of the alibi statute.

Middleton next urges that the trial court erred when it failed to suppress his confession. He argues that both the confession and his waiver of rights were involuntary due to his tender age, five hours of prolonged police interrogation, and improper inducements by the police.

■ The question of the admissibility of a confession is controlled by determining from the totality of circumstances whether or not it was made voluntarily. The circumstances to be considered include whether the confession was freely self-determined, the product of a rational intellect and free will, without compulsion or inducements, and whether the accused's will was overborne. *Harrison v. State* (1978), Ind., 382 N.E.2d 920. A trial court's ruling on the admissibility of a confession will not be disturbed when such ruling is based on substantial, though conflicting, evidence. *Riggs v. State* (1976), 264 Ind. 263, 342 N.E.2d 838.

The facts and circumstances surrounding the making of Middleton's confession were as follows: Around noon on May 13, 1977, Sgt. Wolfe and Detective McNaughton of the Fort Wayne Police Department contacted Middleton at his home to inform him that he was a suspect in the Shilling burglary and wanted for questioning. Upon escorting him to the detective bureau, the officers advised him of his constitutional rights. Middleton indicated that he understood those rights by signing both the advice of rights form and the waiver of rights form.

After forty-five minutes of questioning, defendant disclosed that some of the stolen items could be found in an old shed near the Shilling residence. Middleton then accompanied the two officers to that location. From there, they drove to Middleton's home to obtain pieces of an electric clock taken from the Shillings. Arriving back at the police station around 3:00 P.M., the officers subsequently advised Middleton of his rights. Middleton again acknowledged that he understood those rights. At 4:00 P.M., Middleton confessed to the burglary. Both investigating officers denied that they promised to find him a job or not to prosecute if he confessed. This evidence was sufficient to support the finding below that Middleton's waiver and confession were voluntary.

■ The mere fact that Middleton was only eighteen when he admitted his complicity did not render his confession involuntary. Indeed, Middleton testified that he comprehended his rights prior to confessing. Twice he was advised of those rights yet he elected to cooperate with the police. Furthermore, Middleton had several previous encounters with law enforcement officers regarding unrelated crimes. In no way has he demonstrated that his age precluded a finding of voluntariness.

■ Moreover, even though the police may have questioned Middleton for a period of five hours, in the absence of additional circumstances indicating compulsion his confession cannot be deemed involuntary. In *Montes v. State—Farrar v. State* (1975), 263 Ind. 390, 332 N.E.2d 786, appellant Montes argued that his will was overborne by the improper influence of a polygraph examination and by the delay in presentment to a magistrate. The record showed that he had been advised more than once of his rights during four hours of interrogation. In upholding the validity of his confession, the court said:

"Here, it is recognized that a confession is not per se involuntary because it is given upon questioning by police. Accord, *Schneckloth v. Bustamonte* (1973), 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854. Appellants freely chose to relinquish their right to remain silent and chose to subject themselves to the verbal inquiries of the police. So long as verbal inquiries involve no threats, promises, falsehoods, or the like, but are direct statements probing the suspect's knowledge of relevant events, including inconsistencies in answers given, they do not, without additional circumstances indicating compulsion, result in involuntary divulgence of information. Here we have such direct verbal inquiry, accompanied by two circumstances which indicate a degree of compulsion, namely, the unexplained use of the lie detector test and its results by the interrogator and the delay in presentment." 332 N.E.2d at 793–794.

In the instant case no circumstances existed which indicated a degree of compulsion. Middleton freely chose to waive his rights and talk with the police. Certainly the mode in which the police questioned him did not violate any of his constitutional rights. Rather the record shows that the police assiduously guarded those guarantees.

 Finally, Middleton's claim that the police promised not to prosecute him and to secure employment for him if he confessed presents only a conflict in the evidence since the investigating officers emphatically denied any such inducements. As the credibility of the witnesses was for the trial judge to determine, his resolution cannot be altered on appeal. Consequently, Middleton's motion to suppress his confession was properly denied.

Middleton also claims there was insufficient evidence that the burglarized premises were a place of human habitation as alleged in the information because the residence remained unoccupied for five months while the owner vacationed in Florida. As support for his position, he relies on the following quotation from *Smart v. State* (1963), 244 Ind. 69, 190 N.E.2d 650:

"But when a habitation is vacated, even though temporarily, it ceases to be a place where humans make their abode and so becomes a place other than a 'place of human habitation.' Thus, a breaking and entering of such empty habitation becomes second-degree burglary according to the statute." 190 N.E.2d at 653.

However, the facts in *Smart* clearly distinguish it from the case at bar. There the court held that a vacant summer cottage used only three weeks a year was neither a dwelling house nor a place of human habitation.

 By contrast, here Mrs. Shilling testified that she had resided at 2971 Sandpoint Road in Fort Wayne for 29 years. Her testimony was sufficient to establish those premises as either a dwelling house or a place of human habitation. Even though there may be a technical distinction between these two terms, *see: Keel v. State* (1975), Ind.App., 333 N.E.2d 328 ("dwelling house" is broader than "place of human habitation" although the terms are sometimes used interchangeably), the word "dwelling" imports a human habitation. *Gaines v. State* (1921), 191 Ind. 262, 132 N.E. 580; *Smart v. State, supra*. Since Mrs. Shilling intended to return, and did in fact return, her temporary absence during the burglary did not vitiate the character of the premises. *Carrier v. State* (1949), 227 Ind. 726, 89 N.E.2d 74. Accordingly, the conviction was supported by sufficient evidence.

 Lastly, Middleton insists the trial court erred in denying his motion to set aside the conviction because of evidence that he was under 18 years of age when the crime was committed. The basis for this alleged error is predicated upon IC 1971, 31–5–7–13 (1978 Burns Supp.) which provides in part:

"If a complaint or charge of a criminal or quasi-criminal nature is made or pending against any person in any other court, and, it shall be ascertained that said per-

son was under the age of eighteen [18] years at the time the offense is alleged to have been committed, it shall be the duty of such court to transfer such case immediately, together with all the papers, documents and testimony connected therewith, to the juvenile court, . . ."

The record indicates that Middleton was born on March 12, 1959. Although there was evidence that he may have sold some of the stolen goods in December of 1976, his confession revealed that the burglary occurred on April 10, 1977. While this discrepancy posed a disputed question of fact, it was within the purview of the trial judge to resolve the conflict in favor of the State. That determination cannot be disturbed on appeal. *DeWeese v. State* (1973), 157 Ind. App. 503, 300 N.E.2d 913.

No reversible error having been demonstrated, the judgment of the trial court must be affirmed.

Affirmed.

GARRARD, P. J., and STATON, J., concur.