Kenneth M. JONES,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–483A123.

Court of Appeals of Indiana,
First District.

Dec. 15, 1983.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Defendant-appellant, Kenneth M. Jones (Jones) was convicted by a Crawford Circuit Court jury of Count I, Burglary, a Class B Felony, and Count II, Theft, a Class D Felony. From consecutive sentences of 10 years on Count I and two years on Count II, he appeals.

We affirm.

## STATEMENT OF THE CASE

The evidence most favorable to support the conviction, which includes Jones' confession, follows. Jones, his father, Kenny, and Larry Jenkins left Jones' home in Larry's vehicle and burglarized a cabin owned by Phillip Woolems in Crawford County on February 16, 1981. They all participated in one way or the other by breaking open the cabin and carrying out a wood stove, a propane gas tank, and some hand tools. The three then hooked up the propane tank to the father's mobile home and took the wood stove and tools to Jones' house, where the stove was installed. The stove and tools were recovered from Jones' home and identified by the owners, and the propane tank was identified through two ends

of copper tubing, one end left at the victim's cabin and the other end on the tank. Forensic technicians testified that the two ends came from the same length of tubing.

### ISSUES

Jones presents three issues on appeal. He claims the trial court erred in:

 I. Admitting the two ends of copper tubing, exhibits 32 and 33, because the State failed to establish a proper chain of custody.

 II. Determining that the evidence was sufficient to support the verdict.

 III. Refusing to give Jones tendered instructions number 3 and 5.

### DISCUSSION AND DECISION

*Issue I: Chain of custody.*

 The sole assigned reason for the contention that the chain of custody was insufficient is that the evidence bag lacked being sealed by about one inch, and the officer could not say positively that it was not opened after he put his initials on it. The chain of custody was otherwise established and there is no suggestion of tampering with the exhibits. The mere possibility of tampering will not render evidence inadmissible. In the case of non-fungible goods, it is sufficient that the chain of custody strongly suggests the whereabouts of the exhibits at all times. *Dier v. State*, (1982) Ind., 442 N.E.2d 1043. We find no error under this assignment.

*Issue II: Sufficiency of the evidence.*

Jones argues that the evidence was insufficient to sustain the verdict in three particulars which we will address separately. First, we refer to our oft-quoted standard of review which requires that we not reweigh the evidence or adjudge the credibility of the witnesses. *Loyd v. State*, (1980) Ind., 398 N.E.2d 1260.

 (A) *Intoxication.* Jones maintains that he was intoxicated and was therefore unable to form the requisite intent. To the extent that it negates specific intent, voluntary intoxication is a defense. IND.CODE 35–41–3–5(b); *Williams v. State*, (1980) Ind., 402 N.E.2d 954. The burden of proof, however, remains with the State.

Jones' argument merely invites us to reweigh the evidence. He presented evidence of intoxication and alcoholism and testified that he could not remember much of the episode. However, the trier was not obligated to believe that he was so intoxicated that he could not form a specific intent.

(B) *Definition of a Dwelling.* Jones asserts that there is no proof that the burglarized premises was a dwelling. The premises was a three-room log cabin situated on 42 acres of land about one-fourth to one-half mile off the principal road near English in Crawford County. It was furnished with a refrigerator, electric stove, cooking utensils, groceries, bed, wood stove and gas stove. The owner, members of his family and their friends used the cabin overnight "quite often" to fish, hunt and, in general, used the property as a "kind of place to retreat and get away". The cabin was not the owner's or his family's principal residence; the principal residence is in English. This living situation existed at the time of the burglary, and the owner, who was in the process of doing work on the cabin, slept overnight in the cabin the very day of the burglary. In the afternoon of February 16 at about 3:30 p.m., the owner left the premises, and when he returned at 10:30, he discovered the burglary.

The burglary statute, IND.CODE 35–43–2–1, enhances burglary from a Class C felony to a Class B felony "if the building or structure is a dwelling". IND.CODE 35–41–1–2 defines dwelling as "a structure or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging".

In his effort to reduce the offense from a Class B felony to a Class C felony, Jones cites *Carrier v. State*, (1949) 227 Ind. 726, 89 N.E.2d 74; *Smart v. State*, (1963) 244 Ind. 69, 190 N.E.2d 650; and *Middleton v. State*, (1979) Ind.App., 391 N.E.2d 657.

These cases concern the definition of a dwelling in the first degree burglary statutes existing at that time prior to the present code, namely IND.CODE 1956, Sec. 10–701 (Burns Code Ed.). Under Sec. 10–701, first degree burglary consisted of breaking and entering "... any dwelling house or other place of human habitation with the intent to commit a felony...". The cited cases held that summer fishing camps and other temporary retreats similar to the one described in this case did not qualify as "dwellings" under the statute. The courts stated that the owner or occupant, servant, or some member of his family must sleep there; sleeping in a house occasionally is not enough to make it a dwelling. However, in *Smart, supra,* the court decided that if the break-in occurred while the recreational cabin was occupied, such act would constitute first degree burglary. *Simmons v. State,* (1955) 234 Ind. 489, 129 N.E.2d 121, further illustrates the narrow manner in which the courts construed "dwelling": the *Simmons* court determined that a house trailer is not a dwelling within the meaning of that term in the arson statute.

■■■ Does the revision of the burglary statute under the present criminal code nullify the holdings in the above-cited cases? We think it does. Statutes must be construed in accordance with their plain meaning so as to effectuate the legislative purposes. *St. Germain v. State,* (1977) 267 Ind. 252, 369 N.E.2d 931. *In the Matter of the Estate of Wisely,* (1980) Ind.App., 402 N.E.2d 14. Significant here is the fundamental rule of statutory construction that when the legislature enacts a statutory amendment to a prior statute, a presumption arises that the legislature intended to change the law unless it clearly appears that the amendment was made only to express the original intention of the legislature more clearly. *Indiana Alcoholic Beverage Commission v. OSCO Drug, Inc.,* (1982) Ind.App., 431 N.E.2d 823. Further, when the General Assembly replaces the

provisions of an act which has been construed by the courts, it is presumed that it is responding to those appellate decisions which construed the legislation. *Matter of the Estate of Waltz,* (1980) Ind.App., 408 N.E.2d 558.

■ The definitional section of the present Criminal Code, 35–41–1–2, defines dwelling and uses the words *"permanent or temporary"*, *"movable or fixed"*, and *"that is a person's home or place of lodging"*. The statute reads, as is relevant herein, "dwelling means a temporary enclosed space that is a person's place of lodging". Lodging is defined in *Webster's New Collegiate Dictionary* 676, as (1) a place to live; (2) sleeping accomodations; (3) a temporary place to stay for the night; and (4) a room in the house of another used as a place of residence. *See also Webster's Third New International Dictionary* 1329 (1967).[1] We therefore conclude that the word dwelling as used in IND.CODE 35–41–1–2 and IND.CODE 35–43–2–1 enlarges the meaning enunciated in the earlier cases and includes the cabin in the instant case. In any event, the owner here was staying in the cabin on the night of the burglary, and therefore, the case would be governed by *Smart, supra.*

■■■ (C) *Breaking and Entering.* Jones next argues that there is no proof that he broke and entered the cabin. Acts of co-conspirators and accomplices in furtherance of a common enterprise are chargeable to a criminal defendant even though the co-conspirator is not on trial or even charged. IND.CODE 35–41–2–4. *See Adcock v. State,* (1981) Ind.App., 421 N.E.2d 723. The evidence shows that Jones, his father and Jenkins were embarked upon a common criminal enterprise, and Jones participated in removing property from the cabin and kept some of it. We find the evidence sufficient.

*Issue III: Instructions.*

The court refused to give and read to the jury Jones' tendered instructions, number 3 and 5 which read as follows:

1. "A 'lodging place' is defined as a place of rest for a night or a residence for a time; a temporary habitation." *Marden v. Radford,* (1935) 229 Mo.App. 789, 84 S.W.2d 947, 955.

"3. If possession of property constitutes any part of the prohibited conduct, it is a defense that the person who posses (sic) the property was unaware of his possession for a time sufficient for him to have terminated his possession.

5. THEFT: RECEIVING STOLEN PROPERTY

Indiana Code 35–43–4–2 Section 2 Paragraph (b):

A person who knowingly or intentionally receives, retains, or disposes of the property of another that has been the subject of theft commits receiving stolen property, a Class D Felony."

Jones presented evidence that he was drunk and did not remember anything about the burglary; he simply woke up and the property was in his house. He testified that he was not aware that the property had been stolen until so advised by the police. The trial court refused to give instruction number 3 because it was vague, confusing, meaningless, and inapplicable to the facts of this case. We agree with the trial court.

■■■ Jones asserts that from the point of awareness of possession of the items until he learned that they were stolen, he did not have time to discover the identity of the owner and return them to him. We are of the opinion that the statute upon which instruction number 3 was copied, IND.CODE 35–41–2–1, was generally meant to apply to crimes such as certain controlled substances offenses, where knowing possession of contraband is the gravamen of the offense. To our knowledge, present possession is *not* a necessary element of theft, though it can be a factor in the chain of proof of theft. Once property is stolen, the crime is completed, and it is not a defense to the offense to return it belatedly.

Jones tendered his instruction number 5 upon the theory that receiving stolen property is a lesser included offense of theft. IND.CODE 35–43–4–2 states:

"(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use, commits theft, a Class D Felony.

(b) A person who knowingly or intentionally receives, retains or disposes of the property of another person that has been the subject of theft commits receiving stolen property, a Class D Felony."

Jones argues that when a person exerts unauthorized control over the property of another, he must either (1) receive it; (2) retain it or dispose of it. Therefore, it is impossible to commit the offense of theft without committing the offense of receiving stolen property.

■■■ As a general rule, in determining whether any error resulted from the refusal to give a tendered instruction, we consider (1) whether the tendered instruction is a correct statement of the law; (2) whether there is evidence in the record to support it; and (3) whether the substance of the instruction is covered by other instructions. *Nash v. State*, (1982) Ind.App., 433 N.E.2d 807.

■■■ Jones was charged under subsection (a) of the theft statute. Under both sections, knowing and intentional conduct is required to support a conviction. The State's evidence, including Jones' own statement, reflects that Jones, his father, and Jenkins all participated in the burglary and theft. Jones' evidence and sole defense was that he was drunk and knew nothing about it, but awoke the next day and the property was there. Jones points to no evidence in the record, and from our examination, there is none, which indicates in the slightest that he "knowingly and intentionally received..." property stolen by others. He was either guilty of theft or nothing at all. We therefore need not reach the question of whether subsection (b) is a lesser included offense of subsection (a) of IND.CODE 35–43–4–2.

■■■ Additionally, both instructions are merely copies of statutes. They tell the jury nothing about their application or rele-

vance. They are therefore not proper instructions. In their present form they would have been confusing and misleading.

For the above reasons this case is affirmed.

Judgment affirmed.

ROBERTSON, P.J., and RATLIFF, J., concur.