**Tony NORTHINGTON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 49S00–8604–CR–361.**

Supreme Court of Indiana.

Dec. 18, 1986.

Kenneth T. Roberts, Kenneth T. Roberts and Associates, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Tony Northington was convicted at the conclusion of a bench trial in the Marion County Superior Court of robbery, a class B felony. He was sentenced to twelve (12) years. On direct appeal, the sole issue is the sufficiency of evidence and the trial court's denial of Appellant's Motion for a Directed Verdict.

At approximately 1:00 a.m. on December 13, 1984, Elwood Stringer picked up two young women at 19th and Martindale Streets in Indianapolis, and gave them a ride to 19th and College Streets, where one of the women got out to talk to Appellant. She got back in Stringer's truck, and he drove them to a house at 19th and Ralston Streets to purchase some marijuana. While Stringer was in the truck with one of the women, Appellant approached the passenger side and ordered him out of the truck at gunpoint. Appellant and a companion then took Stringer's wallet and some money, and threw Stringer to the ground. Appellant fled to the north and his companion went into a nearby house. Stringer called the police and accompanied them to the house where Appellant's companion had fled. Stringer identified him and the man was arrested. Two days later, Stringer gave the police a statement and identified Appellant from a photographic array.

Where sufficiency of the evidence is challenged on appeal, we neither weigh the evidence nor judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State, and all reasonable inferences therefrom. If there is sub-

stantial evidence of probative value from which the trier of fact could infer guilt, we will not disturb the verdict. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. Furthermore, if the evidence is sufficient to sustain a conviction on appeal, then the denial of a motion for a directed verdict cannot be error, and the verdict is not contrary to law. *Vincent v. State* (1986), Ind., 489 N.E.2d 49, 53. In order for a trial judge to grant a motion for a directed verdict, there must be a total lack of evidence upon some essential issue, or the evidence must be without conflict and susceptible of only one inference, that being the defendant's innocence. *Id.*

Appellant's argument is simply an attempt to have us reweigh the evidence. This we will not do. Appellant maintains there was no proof on the essential element of identity. A reading of the record reveals evidence to the contrary. Stringer testified Appellant and his companion had no masks on, and that he "looked at the guy dead in the face." Furthermore, there was testimony that Stringer saw Appellant at 19th and College Streets just prior to the robbery. He also testified that he viewed Appellant throughout the entire robbery. He concluded his testimony by stating there was "no question about it," that Appellant was the man who robbed him. Clearly, this is sufficient evidence to identify Appellant as the man who robbed him.

Appellant also contends that the photographic array out of which Stringer identified him was somehow impermissible. His argument is totally unsupported by any evidence in the record. While there is a total absence of proper record for review, and Appellant's argument amounts to only a conclusory accusation, the issue is deemed waived. *Northern v. State* (1986), Ind., 489 N.E.2d 520, 522.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.