**Harry F. WELCH, Jr., Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 18S00–8602–CR–188.**

Supreme Court of Indiana.

July 1, 1987.

J.A. Cummins, Public Defender for Delaware County, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

Defendant, Harry F. Welch, Jr., was found guilty by a jury of burglary, a class B felony. He appeals his conviction claiming error in the refusal to give a tendered instruction on criminal trespass as a lesser-included offense of burglary, and he contends the evidence was insufficient to sustain the conviction.

### Issue 1

■ This case is parallel to *Jones v. State* (1983), Ind., 456 N.E.2d 1025 and *Goodpaster v. State* (1980), 273 Ind. 170, 402 N.E.2d 1239, which both involve the same charge and raise the same argument. Both cases decided the issue against defendant holding that criminal trespass under Ind.Code § 35–43–2–2(a) was not necessarily an *inherently* included offense, nor was it an included offense when the language of the information was carefully drafted to allege only burglary. If the charging instrument alleged the defendant burglarized a dwelling in which he had no "contractual interest", the defendant would have been on notice that a conviction for criminal trespass was possible. But the prosecutor chose to charge burglary only. *Jones*, at 1028; *Goodpaster*, at 1243. Here the information did not include the "lack of contractual interest" element, and defendant therefore could not, by way of instruc-

tion to the jury, inject the lesser charge of criminal trespass.

### Issue 2

His next contention is that the evidence is insufficient to establish that the building or structure was a "dwelling" or "place of human habitation" since the victim was not residing there at the time of the crime. At the time of the burglary and for approximately one week prior thereto, the victim had been temporarily staying at his parents house while awaiting the arrival of new furniture to replace that removed by his former roommate. He returned to his apartment shortly after the burglary.

Defendant cites *Smart v. State* (1963), 244 Ind. 69, 190 N.E.2d 650, for the proposition that a "dwelling" indicates a place of human habitation. In *Smart* we held that a summer cottage occupied only three weeks a year was not a dwelling house nor a place of human habitation unless it was occupied at the time of the crime. The meaning of "dwelling" and "a place of human habitation" was discussed in *Carrier v. State* (1949), 227 Ind. 726, 732, 89 N.E.2d 74:

> The character of the house is generally immaterial if it is occupied as a dwelling. The house must be occupied as a dwelling house, and not merely be suitable or intended for such purpose. The owner or occupant, or some member of his family, or a servant, must sleep there. If it is so occupied the temporary absence of the occupant will not prevent it from being the subject of burglary as a dwelling house; but a house, although furnished as a dwelling house, loses its character as such for the purposes of burglary if the occupant leaves it without the intention to return. Occasionally sleeping in a house is not enough to make it a dwelling house.... (Citations omitted)

In *Middleton v. State* (1979), 181 Ind.App. 232, 391 N.E.2d 657, the court held that a residence unoccupied for five months while the owner vacationed in Florida did not vitiate the character of the premises where owner was temporarily absent, intended to return and did, in fact, return.

In addressing the issue of sufficiency of evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

We hold that the victim's temporary absence did not alter the character of his apartment as a dwelling. The record is more than sufficient to support the conviction of burglary of a dwelling as charged in the information.

Judgment affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and PIVARNIK, JJ., concur.