Carl David PHILLIPS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 985S368.

Supreme Court of Indiana.

Nov. 12, 1987.

Susan K. Carpenter, Public Defender, June D. Oldham, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Carl David Phillips was found guilty by a jury in the LaPorte Circuit Court of aiding in the commission of a burglary and three counts of burglary, all as class B felonies. The trial court subsequently sentenced Phillips to a term of twenty (20) years on each count and ordered the terms be served concurrently.

Three issues are presented for our review in this direct appeal:

1. sufficiency of the evidence;

2. refusal of the trial court to suppress evidence seized pursuant to a search warrant; and

3. propriety of the sentence imposed.

Testimony of witnesses at the trial indicated that in the last half of January, 1984, Phillips, Howard Douglas Dodson, and Timothy Walker had developed a general scheme for burglarizing homes. One of the three would drive to the scene, drop the other two off, then drive around until the job was done. Meanwhile the other two would gain entry at the back of the home, gather up the valuables, "stash" the valuables in a ditch, and return to the car. They would later return to retrieve the valuables, take them to one of the men's homes, and divide the items among themselves.

Phillips was convicted for his participation in four burglaries. Phillips drove the car in the burglary of the homes of Douglas A. Pepple and Stewart Perkins. Dodson was the driver in the burglary of the Elaine Jaske residence. All three walked from the parked car to enter the home of Jay Ellis. Phillips' pry bar was used to gain entrance into the homes. Phillips effectuated the entrance to the Perkins home. They were interrupted during the burglary of the Pepple residence which led to their eventual arrest.

I

Phillips raises two grounds to support his contention there was insufficient evidence to support the jury's verdicts. He first claims the testimony of Dodson and Walker was inherently incredible and unworthy of belief. This contention invites a weighing of the credibility of these witnesses. Since this was the duty of the jury and the jury performed that duty, this contention has no merit. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102.

Phillips also claims the residences of Perkins and Ellis were not dwellings as defined in Ind.Code Ann. § 35–41–1–10 (Burns 1985). He argues, therefore, Phil-

lips could not be found guilty of class B felonies in those two break-ins. The evidence disclosed the building burglarized was the Perkins's place of residence but at the time of the burglary, they were spending some of the winter months in Florida. The Ellis's also were away, spending the winter in Arizona. In support of his contention Phillips cites *Smart v. State* (1963), 244 Ind. 69, 190 N.E.2d 650, which is based on the burglary statute before its 1982 amendment by the Legislature. Previous to amendment, the statute defined first degree burglary as consisting of breaking and entering a dwelling or other place of human habitation. *Smart* and other cases held the statute required a showing the building was a dwelling and that persons were dwelling in it at the time of the break-in. The 1982 revised statute provides the offense of breaking into a structure is a class B felony if committed while armed with a deadly weapon or if the building or structure is a dwelling. Ind.Code Ann. § 35-43-2-1 (Burns 1982). An excellent analysis of the interpretation of the revision of this statute was done by Judge Neal in *Jones v. State* (1983), Ind.App., 457 N.E.2d 231, 233-34. We agree that the present statute does not require the occupier of the residence to be in the home at the time of the burglary. Here, the evidence revealed the structures were the permanent places of residence of the Perkins's and Ellis's. The fact they were temporarily out of the homes on vacation at the times of the break-ins does not remove the homes from the definition of dwellings. We therefore find no reversible error on the issue of sufficiency of the evidence to support the convictions.

## II

Phillips next claims the trial court erred by refusing to suppress evidence seized pursuant to a search warrant. Phillips claims the search warrant did not sufficiently describe the property to be searched, was not sufficiently specific in describing the items to be searched for, and the affidavit of the officer supporting the issuance of the warrant did not sufficiently identify causes for reliance on the veracity of Walker, the person giving the information on which the request for a warrant was made.

■ Phillips is correct that the warrant must describe the place to be searched and the items to be searched for. Ind.Code Ann. § 35-33-5-3 (Burns 1982). The warrant here directed that a search be made at the street address of 1112 East Washington, Michigan City, Indiana, downstairs apartment, in LaPorte County, Indiana. Such descriptions have been repeatedly held to be proper. *Goodman v. State* (1929), 201 Ind. 189, 193-94, 165 N.E. 755, 756; *Wells v. State* (1979), Ind.App., 397 N.E.2d 1250, 1258, *trans. denied.*

■ The property which was the subject of this search was described as several guns designated by caliber, type, name of manufacturer and in some cases, color; assorted jewelry, and that they were fruits of a crime. The affidavit recited that these items were taken unlawfully and their discovery would tend to show a particular person committed an offense. While the items to be searched for and seized must be described with some specificity, there is no requirement that there be an exact description. *See Mann v. State* (1979), 180 Ind. App. 510, 514-15, 389 N.E.2d 352, 355-56. For example, courts have been liberal in drug cases regarding the specificity with which items to be seized must be named in the warrant since the purpose for search warrants in cases involving contraband is not necessarily to seize specified property, but to seize property of a specified character. *Layman v. State* (1980), Ind.App., 407 N.E.2d 259, 265, *trans. denied.* Warrants reciting "a quantity of heroin," "controlled drugs," and "gaming implements and apparatus," have been upheld. *Id.* The trial court did not err in finding there was sufficient description of the property to be searched for and seized.

■ Finally, Phillips contends the affidavit did not sufficiently support Walker's credibility. The officer indicates in the affidavit that Walker implicated himself in the crimes and gave information that could have been provided only by one who was

involved in the crimes. Walker testified the items taken in the burglary were taken to 1112 Washington Street and he saw the items there on July 29, 1984, in the afternoon and evening hours. The trial court was justified in finding the officer supported his reliance on Walker's credibility. *See Ruetz v. State* (1978), 268 Ind. 42, 47–48, 373 N.E.2d 152, 155, *cert. denied,* 439 U.S. 897, 99 S.Ct. 261, 58 L.Ed.2d 245; *Layman v. State,* 407 N.E.2d at 265. The trial court did not err in denying a motion to suppress.

### III

 Finally, Phillips claims it was unreasonable to sentence him to twenty (20) years imprisonment on his conviction for four class B felonies. The court found as aggravating circumstances, a prior criminal offense of Phillips which was the same type of offense as the present ones and for which Phillips served time. He found there were no mitigating circumstances that would outweigh the aggravating factor. The trial court, however, indicated he would make the sentences concurrent. The trial court is given wide discretion in fixing the sentence upon conviction. *Harris v. State* (1981), Ind., 425 N.E.2d 112, 117. The sentence given in the instant case is within the range authorized by statute and is subject to review by this Court to determine "whether no reasonable person could find the sentence inappropriate to the particular offense and character of the offender." *Linder v. State* (1985), Ind., 485 N.E.2d 73, 78; Ind.R.App.Rev. Sen. 2. A finding of aggravating circumstances and lack of mitigating factors was supported by the evidence and the weight to be given them was within the discretion of the trial court. *Crandell v. State* (1986), Ind.App., 490 N.E.2d 377, 381, *trans. denied.* We see no abuse of that discretion.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.