Russell J. BURWELL, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 49A02–8609–CR–319.

Court of Appeals of Indiana, Second District.

Jan. 14, 1988.

Rehearing Denied Feb. 24, 1988.

Kevin L. Scionti, Kenneth T. Roberts, Kenneth T. Roberts & Associates, A Professional Corp., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

## ISSUE

The sole issue on appeal is whether Burwell's conviction of burglary as a class B felony is erroneous because the burglarized apartment does not constitute a "dwelling" within the meaning of IC 35-43-2-1 (Burns 1985).

We affirm.

## FACTS

On July 6, 1984, Russell Burwell was arrested and charged with burglarizing the apartment of Vicky Wilcox as a class B felony.[1] Ms. Wilcox's apartment was located in the Greentree complex, the same housing development where Burwell resided. Wilcox was casually acquainted with Burwell.

Around 9:30 p.m. on the evening of the burglary, one of Wilcox's neighbors observed a man (later identified as Burwell) scale a supporting beam to the balcony of Wilcox's second floor apartment, kick out her kitchen window, and enter. The neighbor quickly summoned local police who apprehended Burwell as he exited the apartment onto the Wilcox balcony. Upon arrest, Burwell identified himself with an alias. He subsequently admitted to police that he entered the Wilcox apartment intending to steal items he found inside. Later investigation revealed Burwell had indeed assembled various household items which he had packed in a brown paper bag and placed in the center of the Wilcox kitchen floor.

Three days before the Burwell incident, Vicky Wilcox and her two young children began sleeping at her parents' home. This action was prompted by Wilcox's discovery that someone had tampered with the lock and hinges of her front door. Although Wilcox no longer intended to sleep in her apartment at the time Burwell burglarized it, she had not relinquished possession and control of the apartment to her landlord. Her apartment contained food, utensils, personal belongings, and clothing. In fact, she was in the apartment earlier on the day of the burglary to obtain money, some of her clothing, and items of food. Burwell did not know of her plans to move and did not have permission to enter on the night of the burglary.

## DISCUSSION

In an effort to reduce his conviction from a class B felony to a class C felony, Burwell argues the evidence shows Wilcox's apartment is not a "dwelling" because she never intended to sleep in her apartment again when the burglary occurred. Therefore, this case poses the question what distinguishes a person's dwelling, *i.e.*, a

---

1. "A person who breaks and enters the building or structure of another person, with the intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony if it is committed while armed with a deadly weapon or if the building or structure is a dwelling, and a class A felony if it results in either bodily injury or serious bodily injury to any person other than the defendant."
IC 35-43-2-1 (Burns Repl.1985).

person's home or place of lodging, from any other structure. Burwell posits it is the use or intended use of the structure by its inhabitant as a place for sleep.

Burglary is enhanced from a class C felony to a class B felony if the building or structure broken and entered is the "dwelling" of another. "Dwelling" is defined for purposes of IC 35-43-2-1 as "a structure or other enclosed space, permanent or temporary, moveable or fixed, that is a person's home or place of lodging." IC 35-41-1-10 (Burns 1985). The key words defining "dwelling" are "home or place of lodging." Three cases offer guidance, *Watt v. State* (1983), Ind.App., 446 N.E.2d 644, *Jones v. State* (1983), Ind.App., 457 N.E.2d 231, and *Welch v. State* (1987), Ind., 509 N.E.2d 824.

In *Watt* the burglarized premises had been the residence of Mollie Davis for fifty-five years prior to Mrs. Davis's four month stay with her daughter and her then present stay in a convalescent home. During Mrs. Davis' absence from the residence, her daughter had been redecorating and renovating the house which contained Mrs. Davis's clothing, furniture and other possessions. In affirming Watt's burglary conviction as a class B felony, this court acknowledged "a home is traditionally a place in which its family sleeps" (*Watt*, 446 N.E.2d 644, 645) or a place to which its family intends to eventually return after an absence. In holding Mrs. Davis's absence did not vitiate the character of the premises as her home because there was evidence she intended to return, this court acknowledged burglary of a dwelling is an offense against the sanctity and security of habitation.

*Jones* involved a burglarized cabin used by the owner and his family and friends "overnight 'quite often' to fish, hunt and, in general ...as a 'kind of place to retreat and get away.'" *Jones*, 457 N.E.2d at 232. Jones's burglary conviction as a class B felony was affirmed over his argument the owner or occupant, servant, or some member of the owner or occupant's family must regularly sleep in the structure before it constituted a dwelling·under the burglary statute as construed by prior cases, and

that occasional sleeping is not enough. In rejecting his argument, this court recognized the present burglary statute nullified the holdings of cases decided under the predecessor statute which defined first degree burglary as breaking and entering "any dwelling house or other place of human habitation with the intent to commit a felony." Burns Stat.Ann. § 10-701 (Burns Code Ed.1956). Specifically, this court said "[w]e ...conclude ...the word dwelling as used in Ind.Code § 35-41-1-2 and Ind.Code Ann. § 35-43-2-1 enlarges the meaning enunciated in the earlier cases ..." 457 N.E.2d at 234. This interpretation of the amended statute advanced in *Jones* was commended in the recent supreme court decision of *Phillips v. State* (1987), Ind., 514 N.E.2d 1073; (character of a dwelling not vitiated by the fact inhabitants were on an extended vacation in Florida at the time of the burglary).

*Welch* involved a burglarized apartment when the resident had been temporarily staying at his parents' house while awaiting the delivery of replacement furniture. In affirming Welch's conviction of burglary as a class B felony, our supreme court held the tenant's temporary absence did not alter the dwelling character of his apartment. Quoting from *Carrier v. State* (1949), 227 Ind. 726, 732, 89 N.E.2d 74, the court stated a dwelling loses its character as a dwelling for burglary purposes, "if the occupant leaves it without the intention to return," even though the furniture remains. Significantly, like the courts in *Watt* and *Jones*, the *Welch* court spoke of intent to return to an established dwelling rather than an intent to return *to sleep* in an established dwelling.

Relevant to the instant case, we draw upon *Watt, Jones,* and *Welch* for the proposition the term "dwelling" has been legislatively enlarged to afford protection to interests in the sanctity and security of habitation which, once established, do not necessarily fail because of the lack of use for purposes of sleep.

The burglarized apartment was unquestionably a dwelling up to and until the time when Wilcox began sleeping at

her parents' residence. However, Wilcox retained a possessory interest in the apartment at the time of the burglary, and the apartment retained all the accoutrements of a dwelling—furniture, appliances, clothing, food and personal items. She frequently returned to the apartment to obtain some of these items. In fact, she was in the apartment on the day of the burglary and intended to return thereafter. We posit that a structure, once a dwelling, does not lose that character until such time as its inhabiter vacates the premises to the extent it no longer contains those accoutrements usual to the convenience of habitation. The evidence here is that that situation existed with the Wilcox apartment. Accordingly, the evidence is sufficient to sustain Burwell's conviction.

Judgment affirmed.

NEAL, J., concurs.

SULLIVAN, J., dissents.