**Richard J. McDONALD, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00–8801–CR–40.

Supreme Court of Indiana.

April 5, 1989.

L. Craig Turner, Boberschmidt, Miller, O'Bryan & Turner, P.A., Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Richard J. McDonald was convicted of Robbery, a Class A felony, following a jury trial in the Marion County Superior Court, Criminal Division Room 4. The trial court subsequently sentenced McDonald to a term of fifty (50) years.

Two issues are presented for our review in this direct appeal:

1. sufficiency of the evidence; and

2. error in sentencing determination.

The evidence tended to show that shortly before 3:00 p.m. on January 10, 1987, the victim, Terry Brownlee, went to the Brass Flamingo in Indianapolis. He had had a considerable amount to drink but had switched to coffee. McDonald approached him at about 5:30 p.m., and began making small talk about football. Brownlee bought McDonald a drink and while paying for it, opened his wallet which contained about $180. The waitress made a remark in McDonald's presence about the amount of money Brownlee was carrying. About 5:50 p.m., McDonald left the bar and Brownlee left at about 6:00 p.m., intending to pick up his girlfriend at the airport. As Brownlee was unlocking the door of his automobile in the parking lot, he was attacked with a hammer and beaten severely about the head and forearms. He turned around, fell against the guardrail in a sitting position, saw that his assailant was McDonald and that McDonald was coming at him for another attack. McDonald had Brownlee's wallet in his hand. During the fray McDonald fell on the ice, then retreated with Brownlee's wallet. Brownlee was able to get back to his car, unlock it and retrieve a gun from the vehicle. The gun was registered to him and he had a permit to carry it. McDonald was in his truck but was having trouble getting out of his parking place because of the parking lot's icy condition. Brownlee attempted to approach McDonald but McDonald jumped out and headed toward Brownlee with the hammer again. Brownlee fired two shots at McDonald, missed him, then fell. A security guard in the parking lot heard the shots, saw McDonald's truck making a hasty exit from the scene, but was able to note the license plate number of the truck. He later gave the number to the police. The police then received a call reporting a possible suspect at 3910 East Hoyt Avenue. Police dispatched there and found McDonald in a truck matching the description given, Brownlee's wallet by the driver's

side door of the truck, a brown jacket with bloodstains on it, and a clawhammer in the camper shell of the truck. A waitress from the Brass Flamingo was brought to the scene and identified McDonald. McDonald's version of the incident was an altercation arose in the parking lot when someone slid on the ice and rammed the bumper on his car. He said someone accosted him with a pistol and shot at him. McDonald testified he used the hammer to defend himself, took the pistol away from the assailant and left the scene. He stated he did not know how he got possession of Brownlee's billfold, and furthermore, he was the one who called the police because he was concerned about the condition of the other man involved in the altercation. The $180 allegedly in Brownlee's billfold was never recovered.

## I

Where sufficiency of evidence is challenged on appeal, this court will neither weigh the evidence nor judge the credibility of the witnesses; rather, it will look to the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value from which the trier of fact could have reasonably inferred guilt beyond a reasonable doubt, the conviction will not be disturbed. *Northington v. State* (1986), Ind., 501 N.E.2d 430, 430–31. McDonald's only argument in support of his claim there was not sufficient evidence justifying a finding of guilty beyond a reasonable doubt is there was conflicting evidence. There was more than sufficient evidence and testimony submitted at trial from which the jury could infer McDonald was guilty of robbery as charged. *See Kremer v. State* (1987), Ind., 514 N.E.2d 1068, 1071. The jury resolved conflicts in the evidence created largely by McDonald's own version of what took place in the parking lot. McDonald's insufficiency claim is no more than a request that we reweigh the evidence and determine the credibility of the witnesses. We see no grounds to do this.

## II

McDonald claims the trial court erred in its sentencing determination, because it failed to consider circumstances he considered mitigating. The mitigating factors McDonald suggests are that he initiated the call to police concerning the incident, that he had a good employment record with Melody Homes where he had worked for about eighteen months prior to his arrest, and that he expressed genuine remorse for the victim. It is within the trial court's discretion to determine whether the basic sentence for a crime will be increased or decreased according to aggravating or mitigating circumstances. *Phillips v. State* (1987), Ind., 514 N.E.2d 1073, 1076; *Crandell v. State* (1986), Ind.App., 490 N.E.2d 377, 381, *trans. denied.* The evidence showed Brownlee's injuries were extensive and included a skull fracture. The trial court based its twenty (20) year enhancement of McDonald's sentence on three aggravating factors found in IC 35–38–1–7(b) as follows: 1) McDonald had recently violated parole and was a fugitive from California [IC 35–38–1–7(b)(1)]; 2) the victim of the crime was physically infirm due to a previous serious accident [IC 35–38–1–7(b)(6)]; and 3) McDonald was in need of rehabilitative services provided by the Department of Corrections [IC 35–38–1–7(b)(3)]. The court also considered a fourth factor: the crime involved the possibility of permanent bodily injury. The court considered several mitigating factors but found them to be of little consequence in view of the aggravating factors.

The trial court used proper standards and made the proper findings when it enhanced McDonald's sentence by twenty (20) years. The sentence is within statutory limits and McDonald has failed to show the sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. *Lawrence v. State* (1985), Ind., 476 N.E.2d 840, 842–43.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.