**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Frederick D. WAGNER, Defendant–Appellant.**

**No. 91–3744.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 1992.

Decided Sept. 30, 1992.

Mark D. Stuaan, Asst. U.S. Atty., argued, Indianapolis, Ind., for plaintiff-appellee.

James W. Ackerman, argued, Springfield, Ill., for defendant-appellant.

Before CUDAHY and FLAUM, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

CUDAHY, Circuit Judge.

A jury found Frederick Wagner guilty of possession of a firearm while a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Wagner argues that he does not fall within the definition of a convicted felon under the federal gun possession statute since Indiana law does not prohibit the possession of guns by a felon in his home or dwelling. We affirm.

### I. *Background*

On September 26, 1990, Wagner was on the porch of the residence located at 537 North Dearborn in Indianapolis, Indiana, when he became involved in an argument with two men from a building across the street. Wagner accused the two men, William Curry and Anthony Wright, of stealing a car phone. During the course of the argument, Wagner waved a chrome hand-

gun at Curry and Wright and threatened to shoot them. The police were called, and Wagner was arrested as he tried to exit from the rear of the residence. The police also arrested Joseph Spiker for fleeing arrest, but the charges against him were later dropped.

At trial, Kelly Freed testified that in September 1990, she, her mother, her brother Joseph Spiker and her two daughters were living at 537 North Dearborn. She stated that other individuals, including Wagner, stayed at the house "off and on." She further testified that prior to his arrest, the defendant had been staying at the residence "maybe a week or two." Wagner's brother testified that part of the time Wagner lived with him. Wagner's uncle stated that in the afternoon of September 26, 1990, he drove Wagner "home" to Wagner's fiancee's residence at 335 North Keystone.

It was stipulated at trial that Wagner had a prior felony conviction in Indiana for involuntary manslaughter. Evidence was also presented showing that Wagner had obtained the handgun by theft from the home of Anthony Zupan. Joseph Spiker testified that, while en route to the police station and on a number of later occasions, Wagner asked him to take the blame for possessing the handgun.

Wagner argues that Indiana has no law that forbids felons from possessing firearms in their homes. He asserts that upon completion of his sentence for his prior felony conviction, Indiana restored his right to possess a handgun in his home. He alleges that he was in his home when he possessed the handgun involved here. Since his conduct was not barred by Indiana law, he maintains he cannot be classified as a convicted felon under 18 U.S.C. § 921(a)(20), and cannot be guilty of violating the federal gun possession statute.

## II. *Analysis*

Among other things, section 922(g)(1) forbids any person "who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" from possessing a firearm. A conviction under this section is defined by 18 U.S.C. § 921(a)(20):

What constitutes a conviction of such crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

Under the first sentence of section 921(a)(20), in applying the federal gun possession statute, the court must look to state law to determine if a person is deemed convicted. *United States v. Erwin*, 902 F.2d 510, 512 (7th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990). The second sentence is an "anti-mousetrapping" provision:

If the state sends the felon a piece of paper implying that he is no longer "convicted" and that *all* civil rights have been restored, a reservation in a corner of the state's penal code can not be the basis of a federal prosecution. A state must tell the felon point blank that weapons are not kosher.

*Id.* at 512–13. This notice rule is designed to prevent states from deceiving ex-convicts into believing they have the right to carry guns. *Id.* Since Wagner does not allege that he ever received any express notice that his civil rights had been restored, the court must examine state law to determine "whether the particular civil right to carry guns has been restored by law." *Id.* at 513.

Indiana does not have a state statute that explicitly restores civil rights to a convicted felon who has completed his sentence. *Compare* Wis.Stat. § 304.078 (1990). Nor does Indiana have a statute that expressly bars convicted felons from possessing firearms. *Compare* Ill.Rev. Stat. ch. 38, ¶ 24–1.1 (1991). Yet Indiana has placed significant restrictions on a con-

victed felon's right to possess a handgun. In Indiana, it is illegal to knowingly sell or transfer ownership of a gun to a convicted felon. Ind.Code Ann. § 35–47–2–7(1) (West 1991). Without special dispensation, see Ind.Code Ann. § 35–47–2–20 (West 1991), a convicted felon cannot obtain a license to possess a handgun. Ind.Code Ann. §§ 35–47–2–3(e) & 35–47–1–7(2) (West 1991). And, with exceptions not relevant here, it is illegal in Indiana for a person to carry a handgun without a license "in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business." Ind.Code Ann. § 35–47–2–1 (West 1991). When viewed as a whole, it is apparent that Indiana law seeks to keep guns out of the hands of convicted felons. This is not a case where the convicted felon has been lulled into a false sense of security by the state. Indeed, immediately after his arrest, Wagner asked Joseph Spiker to take the blame for him. This fact implies that Wagner knew or suspected that his status as a convicted felon in possession of a handgun may not have been permissible.

██ Nonetheless, Wagner argues that he possessed the gun in his dwelling, and that Indiana law has restored his civil rights to the limited extent that the state allows convicted felons ·to possess unlicensed handguns in their dwellings. Given Indiana's statutory framework which goes to great lengths to bar felons from possessing or obtaining handguns, this apparent window for convicted felons might conceivably be no more than an oversight by the Indiana legislature. On the other hand, it may represent the legislature's judgment that even a convicted felon has the right to defend himself in his own home. Indiana does not release legislative history, but the little case law that exists supports the argument that the dwelling exception applies to convicted felons. In Lucas v. State, 501 N.E.2d 480 (Ind.App.1986), a convicted felon protested the revocation of his probation after he was found to be in possession of an unlicensed handgun in his home. The appellate court reversed the revocation,

holding that because the convicted felon had possessed the gun inside his home, there was no violation of Indiana Code section 35–47–2–1. Id. at 481.

Even if we assume arguendo that Indiana restored to Wagner the limited right to possess a handgun in his dwelling, he is still subject to section 922(g)(1). Wagner was not in his dwelling at the time he possessed the handgun. In this regard, we again look to Indiana law, and Indiana Code section 35–41–1–10 defines a "dwelling" as follows: " 'Dwelling' means a. building, structure, or other enclosed space, permanent or temporary, movable or fixed, that is a person's home or place of lodging." The Indiana Supreme Court has addressed the issue of what constitutes a "dwelling" in the context of the state handgun possession statute. In Jones v. State, 536 N.E.2d 490, 492 (Ind.1989) (Jones–A ), the Indiana Supreme Court held that a defendant staying at her parents' home was not in her dwelling for purposes of section 35–47–2–1. This was true despite the fact that "[s]ome personal items, including clothing, still remained in her mother's home and she visited there from time to time." Id.

At oral argument, Wagner's attorney cited a different Jones v. State, 457 N.E.2d 231 (Ind.App.1983) (Jones–B ), in support of his client's argument. In Jones–B, the defendant was charged with burglarizing a dwelling.[1] The building in question was a three-room log cabin which the owner and his family often used for hunting, fishing and as a sort of retreat. Id. at 233. The owner had slept there overnight on the day of the burglary. Id. Despite the fact that the log cabin was not a principal residence, id., the state appellate court held that the cabin qualified as a dwelling under the burglary statute. Id. at 234.

Wagner's reliance on Jones–B is misplaced. It is not at all surprising that the Indiana courts have construed the word "dwelling" broadly under the burglary

---

1. Under Indiana law, burglary is a Class C felony. However, if the building or structure burglarized is a dwelling, the offense is designated as a more serious Class B felony. Ind.Code Ann. § 35–43–2–1 (West 1991).

statute, *see also Burwell v. State*, 517 N.E.2d 812 (Ind.App.1988), and more narrowly under the handgun possession statute. Such a construction may serve to deter a greater amount of undesirable conduct. Moreover, the issue is not whether 537 North Dearborn is *a* dwelling, but whether it was *Wagner's* dwelling. We do not believe so. The testimony at trial revealed the rather tenuous connection between Wagner and 537 North Dearborn. Kelly Freed identified Wagner as one of a group of individuals who stayed at the residence "off and on." He had been staying there "maybe a week or two" prior to his arrest. Wagner's brother testified that part of the time Wagner resided at his brother's residence. Wagner's uncle also testified that he took Wagner "home" on September 26, 1990, to Wagner's fiancee's residence. There is no evidence to suggest that Wagner paid any sort of rent for the residence at 537 North Dearborn. Although the facts are not entirely on point, we believe that the present case is sufficiently analogous to the Indiana Supreme Court's decision in *Jones–A* to hold that Wagner was not in his dwelling when he possessed the handgun.

### III. *Conclusion*

In determining who falls within the parameters of 18 U.S.C. § 922(g)(1), federal law looks to state law. Assuming Indiana does restore to convicted felons the limited right to possess handguns in their dwellings, the exception does not aid the defendant. Wagner was not in his dwelling when he possessed the handgun. Under Indiana law, and hence under 18 U.S.C. § 922(g)(1), Wagner falls within the category of convicted felons. Accordingly, the conviction is

AFFIRMED.