77 F.3d 485
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frederick D. WAGNER, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-1356.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 18, 1995.*
Decided Jan. 8, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Feb. 7, 1996.
 
 Before POSNER, Chief Judge, and FAIRCHILD and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Fredrick Wagner appeals the denial of his motion filed pursuant to 28 U.S.C. § 2255. Wagner was found guilty in 1991 of possession of a firearm while a convicted felon. 18 U.S.C. § 922(g). Wagner argues that he did not fall within the definition of a convicted felon under 18 U.S.C. § 922(g) because his civil rights had been restored at the expiration of his Indiana sentence. He also relies on the Indiana provision which excepts from Indiana's prohibition of carrying a handgun without a license a handgun in a person's dwelling. Ind.Code § 35-47-2-1. That state law exception, assuming that it is applicable to a convicted person, would be irrelevant to Wagner's § 922(g) offense unless it somehow constituted a restoration of civil rights for the purpose of 18 U.S.C. § 921(a)(20). Wagner's argument is made in the context of an ineffective assistance of trial counsel claim. With his § 2255 motion Wagner submitted evidentiary materials outside the original record, for his contention that trial counsel was ineffective in failing to support the claim that the place where he possessed the firearm was his dwelling.
 
 
 2
 We presume familiarity with our opinion on Wagner's direct appeal, United States v. Wagner, 976 F.2d 354 (7th Cir.1992). In that opinion, we noted that Wagner did not allege that he had ever received express notice that his civil rights had been restored. Wagner, 976 F.2d at 355. Thus, we looked to Indiana law to determine if it restored Wagner's civil rights. Id. We found that Indiana did not have a statute that explicitly restores civil rights to a convicted felon once he completes his sentence. Id. We also stated that Indiana placed significant restrictions on a convicted felon's right to possess a handgun, but noted that there might be a "dwelling exception" in Indiana law, allowing a convicted felon to possess a handgun in his home. Id. at 355-56. We declined to decide whether there was such a "dwelling exception" because the record showed Wagner was not in his dwelling when he possessed the handgun. Id. at 356-57. Aside from the matter of the dwelling exception, we decided there had been no restoration of civil rights.
 
 
 3
 In his § 2255 motion and on the present appeal, Wagner claims that his trial counsel was ineffective for failing to support with sufficient evidence the proposition that he was in his dwelling when he possessed the firearm. Wagner has submitted affidavits from potential and actual witnesses at his trial, explaining why they believed that 537 North Dearborn, where Wagner possessed the handgun, was Wagner's home. Since Wagner supports his ineffective assistance claim dealing with the dwelling exception with facts not available in the trial record, he could properly postpone that part of his claim until his § 2255 motion. Guinan v. United States, 6 F.3d 468, 472 (7th Cir.1993); United States v. Taglia, 922 F.2d 413, 417-19 (7th Cir.), cert. denied sub nom. McDonnell v. United States, 500 U.S. 927 (1991); see also United States v. Kellum, 42 F.3d 1087, 1094-95 (7th Cir.1994) ("ineffective assistance of counsel claims are ordinarily best brought first in the district court, either in a motion for new trial or in a collateral proceeding following conviction") (citations omitted).
 
 
 4
 To prevail on an ineffective assistance of counsel claim, Wagner must show that "counsel's performance fell below an objective standard of reasonableness and that this deficient performance so prejudiced his defense as to deprive him of a fair trial." United States v. Trevino, 60 F.3d 333, 338 (7th Cir.1995), petition for cert. filed (U.S. Nov. 14, 1995) (No. 95-6786); see Strickland v. Washington, 466 U.S. 668, 690, 694 (1984). To demonstrate prejudice, Wagner must show "a 'reasonable probability' that in the absence of error the result of the proceedings would have been different, and was fundamentally unfair or unreliable." Williams v. Washington, 59 F.3d 673, 682 (7th Cir.1995) (quoting Strickland, 466 U.S. at 694, and citing Lockhart v. Fretwell, 113 S.Ct. 838, 842-43 (1993)). Both parties on appeal and the district court below focus on the issue of prejudice. Specifically, the parties debate whether Wagner would have been entitled not to be convicted under § 922(g) if his trial counsel had successfully shown that Wagner was in his home when he possessed the gun. See Fretwell, 113 S.Ct. at 844 ("Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.").
 
 
 5
 Under 18 U.S.C. § 921(a)(20), "[a]ny conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of [§ 922(g) ], unless such restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20); Wagner, 976 F.2d at 355. We have interpreted § 921(a)(20) to require that "absent a pardon or expungement, a state must enact a general statute substantially restoring a convicted felon's civil rights in order to exempt him from prosecution under § 922(g)." United States v. McKinley, 23 F.3d 181, 183 (7th Cir.1994). Wagner argues that because Indiana statutes permitted him to vote (Ind.Code § 3-7-1-15), to hold office (Ind.Code § 3-7-1-5), and to serve on a jury (Ind.Code § 33-4-5-7), and permitted him to keep a handgun in his dwelling without a license (Ind.Code § 35-47-2-1), his civil rights had been restored for the purpose of § 921(a)(20).
 
 
 6
 Wagner also contends that his civil rights were restored because he was informed upon sentencing for the state felony that he would be "disfranchised" or "disenfranchised" for the term of his confinement.[1] While the court order committing Wagner to the Indiana Department of Corrections provides that he would "be disfranchised and incapable of holding any office of trust or profit for a period of [four years determinate]," our research reveals no indications in Indiana case law or statutory law that "disfranchised" or "disenfranchised" has ever referred to anything other than the right to vote.[2] In any event, even assuming that the commitment order did serve to restore some civil rights to Wagner at the end of his sentence, his civil rights had not been fully restored, because Indiana did not restore his right to carry firearms.[3]
 
 
 7
 Recently, our court in United States v. Lee, No. 95-2188 (7th Cir. Dec. 14, 1995) looked to United States v. Driscoll, 970 F.2d 1472 (6th Cir.1992), cert. denied, 113 S.Ct. 1056 (1993) in order to explain further the meaning of § 921(a)(20) in § 922(g) cases. We agreed with the holding in Driscoll that:
 
 
 8
 '[F]ederal courts should examine state law solely for the purpose of determining whether the state has restored felons to their full civil rights, including allowing them to possess firearms....' [U]nder federal law, 'a person is either treated as a convicted felon, and thus prohibited from carrying any firearms, or is treated as though he had a clean record, and thus allowed to carry all firearms.'
 
 
 9
 Lee, slip op. at 4 (quoting Driscoll, 970 F.2d at 1480-81). Lee concludes that "it's all or nothing": either a state fully restores a convicted felon's civil rights including the right to carry all firearms, or else he may carry no firearms as far as § 922(g) is concerned. Id. at 5. It clearly follows from Lee that a mere partial restoration of the right to possess firearms (such as freedom to possess a handgun in a dwelling without a license) does not constitute a restoration of civil rights and does not result in non-conviction under § 921(a)(20). See id. at 4-5.
 
 
 10
 We explained in Wagner's direct appeal that Indiana's statutes placed several significant restrictions on a convicted felon's right to possess a handgun. Wagner, 976 F.2d at 355-56. In the face of these statutory provisions, it would be pointless to address the existence of a "dwelling exception" in Indiana under which convicted felons might be allowed to possess handguns. Even if Wagner was in possession of the handgun in his dwelling, and even if Indiana allowed him to possess a handgun in his dwelling, Wagner was subject to prosecution under § 922(g) for possession of a firearm while a convicted felon, since his right to carry firearms had not been fully restored.
 
 
 11
 Wagner suffered no prejudice from the alleged failures by his trial attorney to argue or attempt to show that Wagner possessed the firearm in his dwelling. Wagner is not entitled to an evidentiary hearing, because the record " 'conclusively demonstrates that [he] is entitled to no relief" on his claim of ineffective assistance of trial counsel. Daniels v. United States, 54 F.3d 290, 293 (7th Cir.1995) (quoting Humphrey v. United States, 896 F.2d 1066, 1070 (7th Cir.), cert. denied, 498 U.S. 938 (1990)). Even if Wagner can establish that the location where he possessed the firearm was his dwelling, that fact would avail him nothing.
 
 
 12
 The judgment is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 This argument was not made below, and the materials reproduced in the appendix to Wagner's opening appellate brief to support the argument do not appear in the record. Wagner should have been able to make this argument below, since in his direct appeal, our court noted that he did "not allege that he ever received any express notice that his civil rights were restored." Wagner, 976 F.2d at 355. That statement of ours, if anything, should have alerted Wagner to the argument well before his § 2255 motion. However, the government has waived Wagner's waiver, and so we address Wagner's argument. Doe v. United States, 51 F.3d 693, 699 (7th Cir.1995) (citing Garlington v. O'Leary, 879 F.2d 277, 282 (7th Cir.1989))
 
 
 [2]
 The only Indiana case that even hints of a broader meaning to these terms is Daugherty v. State, 466 N.E.2d 46 (Ind.App.1984). In Daugherty, the sentence "disenfranchised [the defendant] from holding public office for ten years." Id. at 48. However, Daugherty suggests that "disenfranchised" is not the proper term for the inability to hold public office, by putting quotation marks around the term "disenfranchised." See id. at 53 ("Daugherty argues he was improperly sentenced ... because the trial court improperly 'disenfranchised' him from holding public office for ten years.")
 
 
 [3]
 Wagner argues in his reply brief that a "Certificate of Final Discharge" from August 1988 restored his civil rights, because it stated that Wagner had "completed [his] obligation to the State of Indiana imposed upon [him]...." Wagner has waived this argument by not raising it in his opening brief. United States v. Akinrinade, 61 F.3d 1279, 1286 n. 3 (7th Cir.), cert. denied, 64 U.S.L.W. 3379 (U.S.1995); Cir.R. 28(f). In any event, it is clear that the "Certificate of Final Discharge" is not a pardon or expungement, nor an express notice that Wagner's civil rights had been restored