**Richard E. MELVIN, Petitioner–
Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

No. 95–2190.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 26, 1995.

Decided March 15, 1996.

**328**

Meredith J. Ross, Emma Bailey, Law Student (argued), Madison, WI, for Petitioner-Appellant.

Barry Rand Elden, Chief of Appeals, Office of United States Attorney, Criminal Appellate Division, James B. Burns (argued), Office of United States Attorney, Chicago, IL, for Respondent-Appellee.

Before POSNER, Chief Judge, BAUER and COFFEY, Circuit Judges.

BAUER, Circuit Judge.

Richard Melvin pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Because Melvin had four prior "violent felony" convictions, the district court sentenced him to fifteen years imprisonment, the mandatory minimum sentence prescribed by 18 U.S.C. § 924(e). Melvin did not appeal the sentence.

Nearly five years later, Melvin filed a motion pursuant to 28 U.S.C. § 2255 requesting the district court to vacate his sentence. Melvin asserted that three of his prior convictions should not have counted as predicate offenses under 18 U.S.C. § 924(e), and that the court had erred in imposing a fifteen year mandatory minimum sentence. The district court denied the motion. We affirm.

## ANALYSIS

Federal law bars from possessing a firearm any person who has been convicted of a "crime punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g). If that person has three such convictions, a mandatory fifteen year minimum sentence without parole applies. 18 U.S.C. § 924(e). As noted above, the district court sentenced Melvin to fifteen years imprisonment because he had four prior convictions for violent felonies. See 18 U.S.C. § 924(e). Melvin's four prior convictions were: (1) a November 1974 Illinois conviction for burglary and theft; (2) a November 1975 Illinois conviction for aggravated battery; (3) a December 1975 Illinois conviction for burglary; and (4) a November 1983 Wisconsin conviction for sexual assault. Melvin completed prison terms for the Illinois convictions on May 27, 1977. He completed parole on October 18, 1978.

Melvin concedes that his 1983 Wisconsin conviction provided a basis for conviction under 18 U.S.C. § 922(g)(1). However, he asserts that his three Illinois convictions cannot serve as predicate offenses to mandate a minimum fifteen year sentence under 18 U.S.C. § 924(e)(1). Melvin raised this issue for the first time in his section 2255 motion. His failure to raise it on direct appeal precludes him from doing so in a section 2255 motion unless he shows good cause for and prejudice from his failure to appeal. *Barker v. United States,* 7 F.3d 629, 631 (7th Cir.1993), cert. denied, —— U.S. ——, 114 S.Ct. 939, 127 L.Ed.2d 229 (1994). He blames his failure to raise the issue on the allegedly ineffective assistance of counsel. To prevail on his ineffective assistance claim, Melvin must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Kavanagh v. Berge,* 73 F.3d 733, 735 (7th Cir.1996). Here, we need not decide whether counsel's performance was deficient because Melvin cannot show prejudice.

Melvin's Illinois convictions count toward the three necessary to trigger section 924(e)'s mandatory minimum sentence only if they satisfy 18 U.S.C. § 921(a)(20), which provides:

> What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

To determine whether the district court properly counted Melvin's Illinois convictions for sentencing purposes, we therefore must look to Illinois law.

Illinois restores to convicted felons some civil rights upon release from prison. See 730 ILCS 55–5–5. Upon his release from prison in 1977, Melvin regained "all license rights and privileges," including the rights to vote, to hold office, and to apply for a professional license. Ill.Rev.Stat. ch. 38, para. 1005–5–5 (now codified as 730 ILCS 55–5–5); see *United States v. Whitley,* 905 F.2d 163, 166 (7th Cir.1990). However, Melvin did not regain his right to possess a firearm upon his release. At that time, Illinois law prohibited convicted felons from carrying firearms for five years after release from prison. Ill.Rev. Stat. ch. 38, para. 24–3.1(a)(3). In 1984, Illinois enacted a law prohibiting all convicted felons from possessing weapons, regardless of the date of conviction. Ill.Rev.Stat. ch. 38, para. 24–1.1 (now codified as 720 ILCS 524–1.1).

Melvin contends that his right to possess firearms was "restored" by Illinois law on May 27, 1982, five years after his release from prison, and that under the second sentence of section 921(a)(20) his three Illinois convictions do not count as predicate offenses under section 924(e). But we have stated that the "anti-mousetrapping rule" created by the second sentence "deals not with the arrangement of a state's statutes but with misleading omissions in pardons, notices of expungement, and the like." *United States v. Erwin,* 902 F.2d 510, 513 (7th Cir.), cert. denied, 498 U.S. 859, 111 S.Ct. 161, 112 L.Ed.2d 127 (1990). Melvin did not receive any such notice. Illinois never communicated directly with Melvin so as to deceive him into believing that his civil right to possess a weapon was restored permanently on May 27, 1982. Thus, as we held in *Erwin,* Illinois never "restored" all of Melvin's civil rights within the meaning of the second sentence of section 921(a)(20). See *id.* Where, as here, the alleged restoration of civil rights results by operation of a state statute rather than by an individualized document granting a pardon or restoring rights, there is no potential for deception and the first sentence of section 921(a)(20) applies. *Id.* See also *United States v. Glaser,* 14 F.3d 1213, 1218 (7th Cir.1994).

The question, therefore, is whether Illinois considers Melvin convicted. *Erwin,* 902 F.2d at 513 (noting that section 921(a)(20) "is designed to require federal rules to track state law"); see *United States v. Wagner,* 976 F.2d 354, 355 (7th Cir.1992). If it does, then we consider him convicted for federal purposes

under the first sentence of section 921(a)(20). See *Roehl v. United States,* 977 F.2d 375, 377 (7th Cir.1992), cert. denied, —— U.S. ——, 114 S.Ct. 88, 126 L.Ed.2d 56 (1993). We therefore must determine whether and when Illinois restored Melvin's right to possess firearms. See *Davis v. United States,* 972 F.2d 227, 230–31 (8th Cir.1992), cert. denied, 507 U.S. 950, 113 S.Ct. 1360, 122 L.Ed.2d 740 (1993) (citation omitted) (" 'Because the right to possess firearms is the civil right with which section 921(a)(20) is concerned,' a conviction will continue to count if state law prohibits the [defendant] from possessing a firearm even if other civil rights have been restored.").

We think it clear that Illinois does consider Melvin convicted, because all three of Melvin's Illinois convictions can serve as predicate offenses under Illinois' felon in possession law. 720 ILCS 5 24–1.1. The Illinois felon in possession law clearly forbids all convicted felons from possessing guns, regardless of whether they were convicted before or after 1984. See *People v. McCrimmon,* 150 Ill.App.3d 112, 117, 103 Ill.Dec. 313, 316, 501 N.E.2d 334, 337 (Ill.App. 2 Dist. 1986) (upholding conviction under 1984 enactment of felon in possession statute, where defendant's prior felony conviction occurred in 1965); see also *Roehl,* 977 F.2d at 377. Although Illinois law may have allowed Melvin to possess firearms between May 27, 1982 and July 1, 1984 (the effective date of Ill.Rev. Stat. ch. 38, para. 24–1.1, now codified as 720 ILCS 524–1.1), that does not require the permanent exclusion of Melvin's three Illinois convictions for purposes of invoking section 924(e)'s mandatory minimum sentences. Illinois did not allow Melvin to possess guns at the time of his arrest in 1988. To borrow a phrase from Erwin, "that is that." 902 F.2d at 513.

## CONCLUSION

Because Melvin's claim that his Illinois convictions should not trigger application of 18 U.S.C. § 924(e) fails on the merits, he can show neither ineffective assistance of counsel nor can he satisfy the cause and prejudice test. We affirm the district court's denial of Melvin's section 2255 motion.

AFFIRMED.