92 F.3d 1187
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randall S. GOULDING, Petitioner-Appellant
v.
UNITED STATES of America, Respondent-Appellee
 No. 95-1368.
 United States Court of Appeals, Seventh Circuit.
 Argued March 29, 1996.
 Decided Aug. 2, 1996.
Rehearing and Suggestion for Rehearing En Banc Denied Aug. 19, 1996.
 
 Before EASTERBROOK, ROVNER and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Randall Goulding was charged in 1991 in an 18-count indictment with conspiracy to defraud the United States, mail fraud, and illegal transportation of currency and monetary instruments, in violation of 18 U.S.C. §§ 371 and 1341, and 31 U.S.C. §§ 5316(a) and 5322(a). After a jury found him guilty on all counts, Goulding was sentenced on October 15, 1992 to six months' incarceration on Count 1 and five years' probation on Counts 2 through 18. He was also sentenced to make restitution of $8,000 to the United States and to perform 500 hours of community service.
 
 
 2
 This court decided Goulding's direct appeal on May 25, 1994. See United States v. Goulding, 26 F.3d 656 (7th Cir.1994). It held, in pertinent part, that (1) Goulding failed to demonstrate that the government had acted selectively or vindictively in prosecuting him, (2) the district court correctly held that Federal Rule of Criminal Procedure 16(a)(2) precluded the production of the IRS's criminal referral documents, and thus that the court did not err in denying Goulding's discovery request for the production of those documents, and (3) Goulding waived his objection to the failure of the district court to give a particular instruction to the jury, both because he failed to object below and because the instruction in question was not supported by the evidence.
 
 
 3
 On September 14, 1994, Goulding filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. His petition asserted five basic grounds for relief: ineffective assistance of counsel, deprivation of his constitutional right to testify, improper denial of access to criminal investigation reports, lack of evidence for Counts 17 and 18 that he had the requisite knowledge to support a conviction, and the invalidity of the conviction because the prosecution was vindictive. Without holding an evidentiary hearing, the district court denied the petition in an order dated December 5, 1995. It held that there was no basis for a conclusion that the prosecution was vindictive, that the government did not impermissibly limit discovery by refusing to provide Goulding with a copy of the criminal referral, and that Goulding was not denied effective assistance of counsel (either because of a failure to object to a jury instruction or because of a failure to recommend that Goulding testify).
 
 
 4
 On appeal to this court, Goulding raises a host of issues, some of which relate to the merits of his § 2255 petition and others of which relate to the district court's refusal to hold an evidentiary hearing. Some of these issues, as we note below, were resolved against Goulding in his direct appeal to this court, and may therefore not be re-litigated in the guise of a motion under § 2255 absent a showing of good cause for and prejudice from his failure to appeal. Melvin v. United States, 78 F.3d 327, 329 (7th Cir.1996); Patel v. United States, 19 F.3d 1231, 1237 (7th Cir.1994). In broad terms, Goulding claims that he has new evidence of vindictive prosecution, which shows that his constitutional right to due process has been violated both by outrageous government misconduct and violations of Brady v. Maryland, 373 U.S. 83 (1963). Second, he reiterates his claim that he was denied effective assistance of counsel in a variety of respects, principally by counsel's improper "refusal" to allow him to testify and by counsel's decisions on jury instructions. Finally, he claims that he should have been granted an evidentiary hearing, because disputed issues of fact existed on his allegations. We consider these points in turn.
 
 
 5
 This court considered Goulding's claim of "invidious, retaliatory prosecution" in the direct appeal from his conviction and rejected it. It is true that the Fifth Amendment prohibits the government from prosecuting a defendant because of some specific animus or ill will on the prosecutor's part or to punish the defendant for exercising a legally protected statutory or constitutional right. See United States v. Goodwin, 457 U.S. 368, 372 (1982). Nevertheless, in Goulding, we held that Goulding failed to demonstrate that the government acted selectively or vindictively in its actions. In order to prevail on a claim of selective prosecution, he would have had to show that the Internal Revenue Service's criminal investigation of him had both a discriminatory purpose and a discriminatory effect. 26 F.3d at 662. In order to show vindictive prosecution, he would have had to show that he was prosecuted to punish him for exercising a protected right. Id. This court carefully considered and rejected both claims, writing:
 
 
 6
 even if Goulding could convince this Court that Agents Dietz and Feinglas harbored ill will towards Goulding, Goulding failed to demonstrate that these agents had any influence on the bringing of this prosecution. In fact, it is clear the agents were not involved in the decisions to begin a criminal prosecution or to prosecute--Goulding, however, makes no claim that the prosecutors who actually made the decision to bring charges against him acted vindictively. Furthermore, Goulding made no showing of discriminatory effect (he failed to show, for example, that other similarly situated persons were not prosecuted). Id.
 
 
 7
 The alleged "new evidence" of vindictiveness that Goulding has brought forward in his § 2255 petition suffers from the same flaw: it does not demonstrate any link between the alleged ill will and vindictiveness of the IRS agents in charge of the criminal tax investigation against Goulding and the prosecutors who initiated and litigated the fraud, currency, and monetary instrument claims here. We reject Goulding's suggestion that we should adopt a theory of "imputed vindictiveness," pursuant to which the U.S. attorneys should be held responsible for the state of mind of the IRS agents. This is not a case where an investigator working for the U.S. attorney's office knows of crucial exculpatory information and fails to turn it over, where courts have held that the prosecutor must be held responsible for the acts of its agent. See Kyles v. Whitley, 115 S.Ct. 1555, 1567-1568 (1995); United States v. Morris, 80 F.3d 1151, 1169 (7th Cir.1996). There is nothing to indicate that the IRS was acting as an agent of the prosecutors in an unrelated case, and thus we cannot impute its motivations to the prosecuting authority. As for his allegation of outrageous government conduct, it is enough to note that this court rejected that theory as an independent ground of recovery in United States v. Boyd, 55 F.3d 239 (7th Cir.1995). In any event, the "new evidence" is at best cumulative to that already considered by this court. We decline to give Goulding a second bite at the apple on this claim.
 
 
 8
 Goulding's claim that he was denied effective assistance of counsel by his lawyer's alleged "refusal" to allow him to testify is similarly unpersuasive. Goulding, himself a lawyer, attempts to portray himself as a susceptible individual whose will was somehow overborne by his attorney. He states in his brief that he was not "permitted to testify," and that his attorney made a "unilateral decision not to permit [him] to take the stand." Putting the rhetoric to one side, however, the trial record before Judge Moran speaks for itself:
 
 
 9
 Judge Moran: Mr. Goulding, you understand that you have a right to testify or not testify.
 
 
 10
 Goulding: Absolutely, Your Honor.
 
 
 11
 Judge Moran: And you can get all sorts of advice from your counsel as to whether you should or you shouldn't.
 
 
 12
 Goulding: And I certainly have.
 
 
 13
 Judge Moran: But the final decision is up to you.
 
 
 14
 Goulding: I understand.
 
 
 15
 Judge Moran: And it is your choice not to testify.
 
 
 16
 Goulding: I understand.
 
 
 17
 Judge Moran: And that is your choice?
 
 
 18
 Goulding: That is my choice, correct.
 
 
 19
 Judge Moran: Okay.
 
 
 20
 Goulding offers no evidence to show that he was somehow incapable of responding honestly and knowledgeably to the judge's questions. The general rule is that parties are held to their responses, both in these kinds of exchanges and in Rule 11 colloquies, even if they later have second thoughts. See United States v. Messino, 55 F.3d 1241, 1248 (7th Cir.1995); United States v. Malave, 22 F.3d 145, 148 (7th Cir.1994); United States v. Cirrincione, 780 F.2d 620, 624 (7th Cir.1986) ("A truly knowing and intelligent waiver accepted by the court will insulate a conviction from later attack.")
 
 
 21
 Goulding's other assertions of ineffective assistance of counsel are equally unavailing. In order to prevail on this kind of claim, he must present evidence that his counsel's conduct fell below an objective standard of reasonableness and that his case was prejudiced by his counsel's conduct. Strickland v. Washington, 466 U.S. 668 (1984). Here, in addition to the claim about counsel's advice on his right to testify, Goulding asserts that his counsel did not perform a thorough enough investigation, that he failed to submit proper "theory of the defense" jury instructions (in the face of this court's earlier holding that the evidence in the record did not support the instruction Goulding is still claiming should have been given, see 26 F.3d at 668), and that counsel failed to pay attention at a critical point in the trial, when certain incriminating tapes were being played. Even if we assumed for the sake of argument that the lawyer's decisions were unreasonable (and we see nothing to support such an assumption), Goulding's argument fails on the "prejudice" part of the test. As the panel on direct review has already observed, the evidence against Goulding was "overwhelming." Id. at 663-64. He therefore has not raised a credible ineffective assistance of counsel claim.
 
 
 22
 In light of the nature of Goulding's claims in the § 2255 petition, the district court did not abuse its discretion in deciding not to hold an evidentiary hearing. A hearing is not required if "the motion and the files and records of the case conclusively show that the prisoner is not entitled to relief." 28 U.S.C. § 2255, p 3. We agree with Judge Moran that this standard was met. We therefore AFFIRM the judgment of the district court.