**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory V. BARRETT, Defendant–**
**Appellant.**

No. 03–2621.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 31, 2003.

Decided Oct. 31, 2003.

Keith C. Syfert, Office of the United States Attorney, Rockford, IL, for Plaintiff–Appellee.

Gregory Barrett, pro se, Adelanto, CA, for Defendant–Appellant.

Before POSNER, ROVNER, and EVANS, Circuit Judges.

## ORDER

Gregory Barrett pleaded guilty to one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). The district court found that Barrett qualified as an armed career criminal, *id.* § 924(e)(1), and sentenced him to 186 months' imprisonment. Barrett filed a notice of appeal, but his appointed lawyer now moves to withdraw because he cannot discern a nonfrivolous basis for the appeal. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel's brief is facially adequate, and Barrett has filed a response as permitted by Circuit Rule 51(b). We limit our review to those potential issues identified by counsel and by Barrett in his response. *See United*

*States v. Schuh,* 289 F.3d 968, 973–74 (7th Cir.2002).

The only potential argument counsel explores is whether Barrett could argue that the district court erred in sentencing him as an armed career criminal. A person who violates § 922(g) is subject to a mandatory minimum sentence of 180 months imprisonment if he has already incurred three previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Barrett has three previous Illinois convictions for residential burglary, and the definition of "violent felony" includes "any crime punishable by imprisonment for a term exceeding one year ... [that] is burglary." 18 U.S.C. § 924(e)(2)(B). Counsel considers whether Barrett could argue that his three burglaries were not violent felonies because he did not hurt anyone while committing them.

■ Counsel misses the mark by discussing the definition of a "crime of violence" as used in the "career offender" guideline, *see* U.S.S.G. §§ 4B1.1, 4B1.2, rather than the definition of a "violent felony" under the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B); U.S.S.G. § 4B1.4. While similar, these two definitions apply to different sentencing provisions and are not identical. *See* U.S.S.G. § 4B1.4, comment. (n.1). Under either definition, however, any argument about the correctness of Barrett's prison term would be frivolous. Residential burglary is unquestionably a violent felony under § 924(e). *See Taylor v. United States,* 495 U.S. 575, 599, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *United States v. King,* 62 F.3d 891, 896 (7th Cir.1995). Furthermore, in addition to the three burglary convictions, Barrett's lengthy criminal record includes at least two other qualifying convictions for aggravated battery and robbery. *See United States v. Morales,* 902 F.2d 604,

605 (7th Cir.1990) (aggravated battery is a violent felony); *United States v. Dickerson,* 901 F.2d 579, 584 (7th Cir.1990) (robbery is a violent felony). We thus agree with counsel that any appeal on the basis that the district judge erred in sentencing Barrett as an armed career criminal would be frivolous.

Barrett suggests several additional arguments in his response, which we consider in turn. First, he would argue that his prior convictions cannot be used to classify him as an armed career criminal because 18 U.S.C. § 921(a)(20) exempts from the statute's definition of conviction any offense for which the defendant has had his civil rights restored. Barrett claims that Illinois automatically restored his civil rights following the completion of each of his sentences. *See* 730 Ill. Comp. Stat. 5/5–5–5(a),(d) (except as provided, conviction of a crime "shall not entail the loss by the defendant of any civil rights," and upon release certain rights and privileges are to be restored). But this argument would be frivolous because we rejected it in *United States v. Erwin,* 902 F.2d 510 (1990). *See also Melvin v. United States,* 78 F.3d 327, 329–30 (7th Cir.1996). Illinois restores some–but not all–civil rights to prisoners automatically when they complete their sentences. *Melvin,* 78 F.3d at 329. But the state does not restore the right for a felon to possess a firearm. *See* 720 Ill. Comp. Stat. 5/24–1.1(a); *Melvin,* 78 F.3d at 330. We held in *Erwin* that Illinois' partial restoration of civil rights was insufficient to render a defendant's prior conviction ineligible for consideration under § 924(e). *Erwin,* 902 F.2d at 511–13; *see also United States v. Collins,* 61 F.3d 1379, 1382–83 (9th Cir.1995) (prior Illinois convictions remain eligible for consideration under § 924(e) despite partial restoration of defendant's civil rights).

■ Barrett next considers arguing that § 922(g)(1) is unconstitutional because it does not require the government to prove that he personally transported the firearm in question in interstate commerce. This argument would be frivolous because we have repeatedly rejected it. *United States v. Bass,* 325 F.3d 847, 849 (7th Cir.2003). The fact that a firearm was manufactured in a state other than the one in which a felon possessed it establishes a sufficient nexus with interstate commerce for the purposes of § 922(g). *Id.* In his plea agreement, Barrett admitted that the gun he possessed was not manufactured in Illinois, thereby establishing the necessary interstate commerce element of the offense.

■ Barrett next asserts that he may be able to challenge the actions of the police on the night he was arrested. He claims that they improperly stopped his vehicle, conducted an illegal search, and arrested him without probable cause. But this argument would go nowhere on appeal because Barrett waived his right to litigate these issues when he entered an unconditional plea of guilty. *See United States v. Galbraith,* 200 F.3d 1006, 1010 (7th Cir. 2000).

■ Finally, Barrett addresses whether he can argue that his lawyer rendered ineffective assistance by failing to file motions Barrett feels should have been filed, and by referring to Barrett as a "jailhouse lawyer" in a letter to another one of his clients. But this claim is better explored in a collateral attack where the evidence can be developed more fully and where Barrett will no longer be represented by the counsel he claims was ineffective. *See United States v. Rezin,* 322 F.3d 443, 445 (7th Cir.2003). Any ineffective assistance claim Barrett may have would be more properly raised in a petition under 28

U.S.C. § 2255. *See United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002).

The potential issues identified by counsel and by Barrett are indeed frivolous. Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.